IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 17 1999
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

NANCY FOSTER                                                PLAINTIFF

VS.                    NO. JC-99-376

AMERICAN HOME PRODUCTS CORPORATION;
WYETH-AYERST LABORATORIES DIVISION of
American Home Products Corporation;
A. H. ROBINS COMPANY, INCORPORATED;
CULBER SHOTTS, M.D.; and
C. LEONARD KEMP, M.D.                                       DEFENDANTS

### ANSWER OF DEFENDANTS AMERICAN HOME PRODUCTS CORPORATION AND ITS WYETH-AYERST LABORATORIES DIVISION TO PLAINTIFF'S COMPLAINT

Defendants American Home Products Corporation ("AHPC")[1] and its Wyeth-Ayerst Laboratories Division ("WALD") (collectively, "Answering Defendants"), by their attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for their response to Plaintiff's Complaint state the following:

#### PLAINTIFF IDENTIFICATION

Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence and citizenship, and therefore the allegations set forth in the paragraph preceding paragraph 1 of Plaintiff's Complaint are denied.

---

[1] On August 3, 1998, A. H. Robins Company, Incorporated ("Robins") was merged into AHPC and ceased to exist as a separate entity. As a result, AHPC will respond to all allegations directed at Robins.



## DEFENDANT IDENTIFICATION

1. Answering Defendants admit that Defendant AHPC is a Delaware corporation whose principal place of business is in Madison, New Jersey, and that The Prentice-Hall Corporation System is its registered agent for service. Answering Defendants further admit that prior to September 15, 1997, AHPC, through WALD, marketed and distributed Pondimin® brand of fenfluramine hydrochloride ("Pondimin") and distributed, marketed, and promoted Redux™ dexfenfluramine hydrochloride capsules ("Redux") to licensed health care providers for use in accordance with their FDA-approved prescribing information and subject to the precautions, warnings, and contradictions stated therein. Answering Defendants further admit that AHPC through WALD sold in interstate commerce Pondimin and Redux. Answering Defendants deny the remaining allegations set forth in paragraph 1 of Plaintiff's Complaint.

2. Answering Defendants admit that WALD is an unincorporated division of American Home Products Corporation. Answering Defendants further admit that prior to September 15, 1997, WALD marketed, distributed, and sold in interstate commerce Pondimin for use in accordance with its FDA-approved prescribing information and subject to the precautions, warnings, and contraindications stated therein. Answering Defendants deny the remaining allegations set forth in paragraph 2 of Plaintiff's Complaint.

3. Answering Defendants admit that prior to August 3, 1998, Robins was incorporated in the state of Delaware and had its principal place of business at 1407 Cummings Drive, Richmond, Virginia. Answering Defendants also admit that on August 3, 1998, Robins was merged into AHPC and ceased to exist as a separate entity. Answering Defendants admit that prior to September 15, 1997, Robins manufactured, marketed, and sold Pondimin for use in

2

accordance with its FDA-approved prescribing information and subject to the precautions, warnings, and contraindications stated therein. Answering Defendants deny the remaining allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiff's Complaint, and therefore those allegations are denied.

5. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiff's Complaint, and therefore those allegations are denied.

## JURISDICTION AND VENUE

6. Answering Defendants deny each and every allegation regarding jurisdiction and venue set forth in paragraph 6 of Plaintiff's Complaint as it pertains to Answering Defendants other than as already admitted in paragraphs 1 and 2. Answering Defendants further deny that they have committed a tort in whole or in part in Arkansas. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of Plaintiff's Complaint, and therefore those allegations are denied.

## FACTUAL BACKGROUND

7. Answering Defendants deny each and every allegation set forth in paragraph 7 of Plaintiff's Complaint.

8. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiff's Complaint, and therefore those allegations are denied.

9. Answering Defendants admit that prior to September 15, 1997, AHPC, through WALD, marketed Pondimin to licensed health care providers for use in accordance with its FDA-approved prescribing information and subject to the precautions, warnings, and contraindications stated therein. Answering Defendants further admit that prior to September 15, 1997, Robins manufactured and marketed Pondimin for use in accordance with its FDA-approved prescribing information, subject to the precautions, warnings, and contraindications stated therein. Answering Defendants deny the remaining allegations set forth in paragraph 9 of Plaintiff's Complaint as they apply to Answering Defendants.

10. Answering Defendants deny each and every allegation set forth in paragraph 10 of Plaintiff's Complaint.

11. Answering Defendants deny each and every allegation set forth in paragraph 11 of Plaintiff's Complaint.

12. Answering Defendants deny each and every allegation set forth in paragraph 12 of Plaintiff's Complaint.

13. Answering Defendants deny each and every allegation set forth in paragraph 13 of Plaintiff's Complaint.

### FIRST CAUSE OF ACTION
STRICT PRODUCT LIABILITY
(Pursuant to Restatement Second of Torts § 402A (1965)

14. Answering Defendants reaffirm each and every response given in the preceding paragraphs and make the same a part hereof as through fully set forth herein.

15. Answering Defendants deny each and every allegation set forth in paragraph 15 of Plaintiff's Complaint.

4

16. Answering Defendants deny each and every allegation set forth in paragraph 16 of Plaintiff's Complaint.

17. There is no paragraph 17 in Plaintiff's Complaint.

18. Answering Defendants deny each and every allegation set forth in paragraph 18 of Plaintiff's Complaint.

19. Answering Defendants deny each and every allegation set forth in paragraph 19 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
## MANUFACTURER NEGLIGENCE

20. Answering Defendants reaffirm each and every response given in the preceding paragraphs and make the same a part hereof as through fully set forth herein.

21. Answering Defendants assert that the first sentence of paragraph 21 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants admit that they had only such duties, if any, as are imposed on them by law. Answering Defendants deny the remaining allegations set forth in paragraph 21.

22. Answering Defendants deny each and every allegation set forth in paragraph 22 of Plaintiff's Complaint, including its subparagraphs a through f.

23. Answering Defendants deny each and every allegation set forth in paragraph 23 of Plaintiff's Complaint.

5

## MEDICAL NEGLIGENCE

24. Answering Defendants reaffirm each and every response given in the preceding paragraphs and make the same a part hereof as through fully set forth herein.

25. The allegations set forth in paragraph 25 of Plaintiff's Complaint and subparagraphs (a) through (c) do not apply to Answering Defendants. To the extent that any response is required on behalf of Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations directed toward other Defendants and therefore deny same.

26. The allegations set forth in paragraph 26 of Plaintiff's Complaint do not apply to Answering Defendants. To the extent that any response is required on behalf of Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations directed toward other Defendants and therefore deny same.

27. The allegations set forth in paragraph 27 of Plaintiff's Complaint do not apply to Answering Defendants. To the extent that any response is required on behalf of Answering Defendants, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations directed toward other Defendants and therefore deny same.

## THIRD CAUSE OF ACTION
### DECEIT AND FRAUD

28. Answering Defendants reaffirm each and every response given in the preceding paragraphs and make the same a part hereof as through fully set forth herein.

29. Answering Defendants deny each and every allegation set forth in paragraph 29 of Plaintiff's Complaint.

30. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of Plaintiff's Complaint, and therefore those allegations are denied.

31. Answering Defendants deny each and every allegation set forth in paragraph 31 of Plaintiff's Complaint.

32. Answering Defendants deny each and every allegation set forth in paragraph 32 of Plaintiff's Complaint.

33. Answering Defendants deny each and every allegation set forth in paragraph 33 of Plaintiff's Complaint.

34. Answering Defendants deny each and every allegation set forth in paragraph 34 of Plaintiff's Complaint.

## COMPENSATORY DAMAGES

35. Answering Defendants deny each and every allegation set forth in paragraph 35 of Plaintiff's Complaint, including its subparagraphs (a) through (f).

## PUNITIVE DAMAGES

36. Answering Defendants deny each and every allegation set forth in paragraph 36 of Plaintiff's Complaint.

37. Answering Defendants deny that Plaintiff is entitled to any relief, including the relief requested in the "WHEREFORE" paragraph following paragraph 36 of Plaintiff's Complaint.

7

## JURY DEMAND

38. Answering Defendants acknowledge that Plaintiff demands a jury trial. Answering Defendants also request a trial by a twelve-person jury.

39. Answering Defendants deny each and every allegation set forth in Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Answering Defendants would further show affirmatively that:

40. Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

41. Plaintiff's claim for Deceit and Fraud fails to state a cause of action upon which relief can be granted because, among other things, Plaintiff has failed to plead this claim with sufficient particularity.

42. Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations.

43. Venue is improper in Greene County, Arkansas, and Plaintiff's Complaint should be dismissed or transferred to the proper venue.

44. Plaintiff's causes of action are barred in whole or in part by the doctrines of laches, waiver, and estoppel.

45. At all relevant times Plaintiff was a knowledgeable purchaser who was aware of the alleged hazards of Pondimin, and therefore Plaintiff expressly or impliedly assumed the risk of any alleged damages.

46. Plaintiff's causes of action are barred because a reasonable purchaser and/or consumer would have been aware of the alleged risks of Pondimin.

47. Plaintiff's causes of action are barred in whole or in part by her own contributory negligence.

48. Plaintiff's recovery, if any, should be reduced by her own comparative negligence.

49. The damages alleged by Plaintiff were caused or proximately caused by some person or third party other than these Answering Defendants for whom these Answering Defendants are not legally responsible.

50. Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of, or product placed in the stream of commerce by, these Answering Defendants.

51. Plaintiff's recovery, if any, should be reduced by the comparative negligence, fault, responsibility, or causation of others pursuant to Ark. Code Ann. § 16-64-122.

52. Should Answering Defendants be held liable to Plaintiff, which liability is specifically denied, Answering Defendants would be entitled to a set-off for all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint pursuant to the Uniform Contribution Among Tortfeasors Act, Ark. Code Ann. § 16-61-201 et seq.

53. Plaintiff's alleged damages were not proximately caused by any act or omission of Answering Defendants.

54. Plaintiff's alleged damages were the result of pre-existing conditions which were unrelated to any conduct of, or product placed in the stream of commerce by, Answering Defendants.

55. Plaintiff's alleged damages were the result of an idiosyncratic reaction which these Answering Defendants could not reasonably foresee.

56. Plaintiff was not a foreseeable user of the products.

57. Plaintiff's damages, if they were caused by Pondimin, were caused in whole or in part by misuse or unintended use of the products.

58. Plaintiff's damages, if any, were caused by changes and/or alterations to Answering Defendants' products made by persons not within Answering Defendants' control.

59. Plaintiff's alleged damages were not caused by any failure to warn on the part of Answering Defendants.

60. Answering Defendants provided adequate warnings and complete warnings to the Plaintiff's prescribing physician. Therefore, any claims by Plaintiff for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

61. Plaintiff's causes of action are barred in whole or in part by her failure to assert a safer design for Pondimin.

62. Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Pondimin ingested by Plaintiff were properly prepared in accordance with the applicable standard of care.

63. Plaintiff's product liability causes of action are barred because the benefits of the relevant product outweighed its risks.

10

64. Plaintiff's product liability causes of action are barred because the relevant product was consistent with or exceeded consumer expectations.

65. Based on the state of scientific, medical, and technological knowledge at the time Pondimin was marketed and distributed by Answering Defendants, the product was reasonably safe for its normal and foreseeable use at all relevant times.

66. Plaintiff's claims are barred, in whole or in part, because Answering Defendants complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

67. Pondimin was accompanied by adequate warnings and labeling when sold by Answering Defendants.

68. Plaintiff's claims under applicable law are barred by the doctrine of federal preemption.

69. Plaintiff's claims against these Answering Defendants are barred under Section 402A, comment K of the <u>Restatement (Second) of Torts</u>.

70. Plaintiff's strict liability claims cannot be maintained against a prescription drug manufacturer.

71. Plaintiff's claims against these Answering Defendants are barred under Section 4 <u>et seq</u>. of the <u>Restatement (Third) of Torts: Products Liability</u>.

72. Answering Defendants did not make to Plaintiff, nor did they breach, any express or implied warranties and did not breach any warranties created by law.

73. Plaintiff did not rely on any alleged express or implied warranty.

74.  Plaintiff failed to notify these Answering Defendants of any alleged breach of warranty within a reasonable time after she discovered or should have discovered any such alleged breach and is therefore barred from any recovery for such claims.

75.  The damages, if any, recoverable by Plaintiff must be reduced by any amount of damages legally caused by the Plaintiff's failure to mitigate such damages in whole or part.

76.  Plaintiff has suffered no physical or compensable injury from Pondimin.

77.  Answering Defendants expressly deny that any third party engaging in the acts alleged by Plaintiff was acting as Answering Defendants' agent or servant, at the instruction of Answering Defendants, or within Answering Defendants' control. Therefore, Plaintiff's claims, to the extent they seek to recover for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

78.  Plaintiff impermissibly seeks to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by Sections 2, 3, and 8 of Article 2 of the Constitution of the State of Arkansas.

79.  Plaintiff's claims for punitive damages are in contravention of Answering Defendants' rights under the United States Constitution and the Arkansas Constitution, including inter alia, each of the following constitutional provisions:

   a.  the Commerce Clause of Article I, Section 8 of the United States Constitution;

   b.  the Contracts Clause of Article I, Section 10 of the United States Constitution;

  c. the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

  d. the Supremacy Clause of Article VI of the United States Constitution;

  e. the Free Speech Clause of the First Amendment of the United States Constitution;

  f. the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

  g. the Takings Clause of the Fifth Amendment of the United States Constitution;

  h. the Right to Counsel of the Sixth Amendment of the United States Constitution;

  I. the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

  j. the Right to Trial by Jury contained in Seventh Amendment of the United States Constitution;

  k. the Equal Protection Clause of the Fourteenth Amendment.

  l. the due process and equal protection provisions contained in Article 2 of the Constitution of the State of Arkansas.

  80. Because of the lack of clear standards, the imposition of punitive damages against Answering Defendants is unconstitutionally vague and/or overbroad.

  81. Any assertion of liability or award of damages against Answering Defendants without proof that Answering Defendants were the manufacturers or distributors of

13

the alleged injury-causing products would violate Answering Defendants' substantive and procedural constitutional rights as protected by the Commerce Clause of Article I, Section 8 of the United States Constitution, and Answering Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

82.    Any award of punitive and/or exemplary damages in this case would violate Defendants' due process and equal protection rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, Sections 2, 3 and 8 of the Arkansas Constitution.

Among other things, if the Court allows the jury to consider the financial condition, wealth and/or financial responsibility of Answering Defendants in determining the size of such damage award, the imposition of punitive and/or exemplary damages in this case will violate Section 1 of the Fourteenth Amendment of the United States Constitution and Article 2, Sections 2 and 3 of the Arkansas Constitution, all of which guarantee equal protection of the laws.

Further, the imposition of punitive and/or exemplary damages in this case would violate the equal protection provision of the federal and state constitutions in that Arkansas law provides no objective guidelines for the type of conduct for which a punitive and/or exemplary damage award may be imposed or for the size of the punitive and/or exemplary damage award, thus permitting arbitrary punishment. To the extent the Court does not adopt certain procedural constitutional safeguards in the submission of punitive and/or exemplary damage evidence and issues, the imposition of such a damage award in this case will violate Section 1 of the Fourteenth

14

Amendment of the United States Constitution, which guarantees due process of law and Article 2, Section 8 of the Arkansas Constitution which guarantees due process.

Among other constitutional protections, Answering Defendants are entitled to a bifurcation of any "punishment phase" of this case from other issues in the unlikely event of a liability finding against any Defendant, and a unanimous jury verdict with respect to the punitive and/or exemplary damages issue in this case and the right to require that Plaintiff prove entitlement to punitive and/or exemplary damages by a higher standard of proof than a mere preponderance of the evidence.

Finally, the imposition of such a damage award in this case violates the due process clauses of the United States Constitution and the Arkansas Constitution because the standard for the imposition of punitive and/or exemplary damages lacks objective guidelines and invites the jury to engage in capricious and discriminatory application of the law.

83. No act or omission of Answering Defendants was malicious, willful, wanton, reckless, or grossly negligent, and therefore any award of punitive damages is barred.

84. Answering Defendants deny that they are indebted in any sum whatsoever to Plaintiff and will show this Court and the jury that they are not responsible for any injuries or damages that may have occurred according to the allegations set forth in Plaintiff's Complaint.

85. At all times alleged herein, Answering Defendants were in the exercise of that degree of care and concern required by law, breaching no legal duty owing to Plaintiff, and, on account thereof, Plaintiff is not entitled to recover any damages in any amount.

86. Plaintiff's breach of warranty claims are barred by the Uniform Commercial Code as enacted in the State of Arkansas.

87. With regard to Plaintiff's demand for punitive damages, Answering Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards which arose in the decision of BMW of No. America v. Gore, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed 2d 809 (1996).

88. Answering Defendants incorporate all defenses asserted by other Defendants that are not otherwise specifically set forth in this Answer.

89. Answering Defendants specifically reserve the right to amend these pleadings as permitted by the Arkansas Rules of Civil Procedure after their attorneys have conducted preliminary investigation and discovery of the events on which the Complaint is based and are in a position, through discovery or other investigation, to amend these pleadings.

WHEREFORE, Answering Defendants pray that Plaintiff's Complaint be dismissed, for their costs, attorneys' fees, and all other proper relief to which they may be entitled.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG, GATES
& WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800

By  *Lyn Pruitt*
Lyn P. Pruitt
Bar No. 84121

Attorneys for Answering Defendants
American Home Products Corporation and
its Wyeth-Ayerst Laboratories Division

Tim Atkeson
David M. Orta
ARNOLD & PORTER
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000
and
1700 Lincoln Street
Denver, Colorado 80203
(303) 863-1000
Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was mailed to the following by U. S. Mail, first-class postage prepaid, this 15th day of September, 1999:

T. Robert Hill
Hill - Boren P.C.
1269 N. Highland Avenue
P. O. Box 3539
Jackson, Tennessee 38303-3539

Edward Blizzard
Blizzard & McCarthy, L.L.P.
440 Louisiana Street, Suite 1710
Houston, Texas 77002

B. Michael Easley
Easley, Hicky, Cline & Hudson
510 East Cross Street
P O Box 1115
Forrest City, Arkansas 72335

Lucinda S. McDaniel
Womack, Landis, Phelps, McNeill & McDaniel
P. O. Box 3077
Jonesboro, Arkansas 72403

_Lyn P. Pruitt_
Lyn P. Pruitt

17